UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAYLON KE'ANDRE GIBSON                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:25-CV-949-DPJ-ASH

COMMUNITY CHOICE                                                                           DEFENDANT
FINANCIAL OF MISSISSIPPI, LLC

ORDER

On December 23, 2025, Defendant Community Choice Financial of Mississippi, LLC filed a motion [7] seeking an extension of time to respond to Plaintiff's Complaint [1]. Defendant requested an additional "fourteen business days" and stated that pro se Plaintiff Jaylon Ke'Andre Gibson had agreed to this request. Mot. [7] at 2. In support of its motion Defendant attached an email exchange between its counsel and Gibson. *See* Attach. [7-1] (showing Plaintiff's December 19, 2025 reply to Defendant). In that exchange, defense counsel asked Plaintiff if he opposed a thirty-day extension of Defendant's answer deadline. *Id.* at 4. Plaintiff indicated he did oppose such an extension. *Id.* at 2. Plaintiff further stated that "the only extension of time is that may [sic] be reasonable is 14 business (Mon-Fri) . . . ." *Id.* Based on this response Defendant stated in its motion that its request for an extension of their answer deadline was unopposed. Mot. [7] at 1. The Court granted the motion as unopposed via a Text-Only Order on December 29, 2025. Thereafter, Plaintiff filed this Motion [12] asking the Court to reconsider its December 29, 2025 Text-Only Order. Defendant filed a Response [13], and Plaintiff filed a Reply [14].

Plaintiff's argument is that he did oppose the request to extend the answer deadline, but that the Court ruled on Defendant's motion before Plaintiff's opposition was docketed. Mot. [12] at 1. The briefing centers on whether it was reasonable for Defendant to construe Plaintiff's email as consenting to a 14-business-day extension. Plaintiff's position is difficult to follow,

especially in light of his email to Defendant. But the Court need not resolve whose interpretation of Plaintiff's email is more reasonable. Even if the motion had been filed as opposed, a court may, for good cause, extend deadlines with or without a motion before a deadline expires. Fed. R. Civ. P. 6(b)(1)(A). This rule provides the Court with broad discretion to grant extensions. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995). "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Palmer v. Kirkwood*, No. 4:20-CV-688-SDJ-KPJ, 2020 WL 13905123, at *1 (E.D. Tex. Dec. 23, 2020) (quoting *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 3:14-CV-1204-N, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020)). The Court finds Defendant has shown good cause for an extension and that there is no bad faith in the request. Further, the extension here was short and has not caused Plaintiff any prejudice. Plaintiff's Motion for Reconsideration [12] is therefore denied.

**SO ORDERED AND ADJUDGED** this the 21st day of January, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE