UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAYLON KE'ANDRE GIBSON                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:25-CV-949-DPJ-ASH

COMMUNITY CHOICE FINANCIAL
OF MISSISSIPPI, LLC                                                       DEFENDANT

ORDER

Pro se Plaintiff Jaylon Ke'Andre Gibson sued Defendant Community Choice Financial of

Mississippi, LLC (CCFM) arising out of CCFM's denial of Gibson's application for a loan.

Defendant moved to dismiss Plaintiff's Complaint and alternatively moved for a more definite

statement.  Mot. [18].  Plaintiff did not respond, and the time to do so has passed.  But he did file

several motions:  (1) "Motion to Discovery" [15]; (2) Motion to Strike/Enforce Statutory

Disclosure Obligations/Compel Compliance with Due Process/Fair Procedure [20]; (3) Motion

for Partial Summary Judgment/Default Judgment [21, 22]; (4) Motion to Supplement the Record

[23]; and (5) Motion/Request for Clarification/Explanation [29].[1]  The Court grants the motion to

dismiss [18] but will give Gibson an chance to seek leave to amend some claims.  Gibson's

motions [15, 20, 21, 22, and 23] are denied, but his motion seeking clarification [29] is granted.

I.      Facts and Procedural History

In his December 8, 2025 Complaint, Gibson claims Defendant "denied [his] consumer

application . . . thus discriminating against [his] application."  Compl. [1] at 5.  It appears the

"discrimination" he refers to is religious discrimination.  *Id.*; *see id.* at 4 (citing scripture, the

---

[1] Plaintiff filed his "Motion to Discovery" [15] before Defendant moved to dismiss.  The Court
has reviewed all filings; they are addressed later in this Order.  Even if any could be construed as
a response to the motion to dismiss, none would have changed the result.

"Free Exercise Clause" of the First Amendment, and "God Giving Rights of equality" (unaltered)).

I.      Standard

Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).  Def.'s Mem. [19] at 4.  When considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In this case, Gibson is proceeding pro se.  "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).  "However, regardless of whether the plaintiff is proceeding pro se or is

represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (quoting *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

Finally, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). Thus, "[a]lthough a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

II.       Motion to Dismiss [18]

**First Amendment/Section 1983.** The form complaint Gibson used contains this prompt:

> Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law.

Compl. [1] at 4. Gibson responded by alleging that CCFM violated his rights under the First Amendment, his "God Giving Rights of equality," and the Civil Rights Act of 1964. *Id.* Gibson was then prompted to "briefly" state the facts of his case and provided this:

(1) Violations against the U.S. Constitutional Rights regarding the First Amendment (Free Exercise Clause) due to discrimination - such financial institution is an equal opportunity provider/lender and employer but discriminating against such applicant application denying such person of their God Giving Rights of equality - (See ACTS 10:34 -36) 2). Violations against the Mississippi Credit Availability Act (MCAA) which is regulated by the Fair Credit Reporting Act (FCRA) which gives consumers/customers the right to full disclosure of files of a consumer reporting agency which was not provided within a reasonable amount of time giving and the right to be informed of any decision that may be used against consumers, additionally a licensee/lender may take as security any personal property (3) Violations of the Civil Rights Act of 1964 regarding discrimination against such person/consumer provided such financial institution is an equal opportunity provider/lender (4) Dishonoring basic consumer rights due to failure to provide requested list of collateral within fourteen (14) days thus resulting default to such contractual obligations (5) Branch of contract regarding the COMMUNITY CHOICE FINANCIAL (CCF) Privacy Policy/Agreement (6) Violations against the Bill of Rights regarding We The People rights to be informed and right to be heard but failed to provide any significant and/or significance of evidence regarding such denial of services and/or products within more than a reasonable amount of time

*Id.*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[] and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Starting with the first prong—the violation of a right secured by the Constitution—Gibson invokes the First Amendment.

At the second prong, Gibson must show that the deprivation of his First Amendment rights "was committed by a person acting under color of state law." *Id.* Gibson has not sued any state actors, he sued CCFM, a private company. "For a private actor to be held liable under § 1983, the challenged conduct must be 'fairly attributable to the State.'" *Arvie v. Cathedral of Faith Missionary Baptist Church*, No. 24-30759, 2025 WL 1565149, at *5 (5th Cir. June 3, 2025) (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)), *cert. denied sub nom.*, *Arvie v. Cathedral of Faith*, 223 L. Ed. 2d 526 (Jan. 12, 2026). To meet that test for a non-state actor, "the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (citing *Adickes v. S. Kress Co.*, 398 U.S. 144 (1970)).

But there is no allegation that CCFM was acting under color of state law. Def.'s Mem. [19] at 5. Plaintiff described CCFM as a financial institution, and his claims stem from the denial of his loan application. *See* Compl. [1] at 2 (identifying CCFM as a "Financial Institution"); Letter [1-1] (attached to Complaint) ("After carefully reviewing your application, we are sorry to advise you that we cannot grant a loan to you at this time."). Defendant's motion is granted, and because this defect is incurable, leave to amend is unwarranted. The § 1983 claim alleging a violation of the First Amendment is dismissed.

4

***Bill of Rights.*** Gibson similarly alleges that CCFM violated "the Bill of Rights regarding We The People rights to be informed and right to be heard but failed to provide any significant and/or significance of evidence regarding such denial of services and/or products within more than a reasonable amount of time." Compl. [1] at 4 (unaltered). The Bill of Rights comprises the first ten amendments to the Constitution. So, Gibson's reference to the Bill of Rights is duplicative of his First Amendment claim. For the reasons explained above, Gibson's claim under the Bill of Rights is dismissed, and because this defect is incurable, leave to amend is unwarranted.

***Discrimination/Civil Rights Act of 1964.*** Gibson also references the Civil Rights Act of 1964. *See* Compl. [1] at 4. CCFM submits this claim should be dismissed because the Act "does not address religious discrimination in the context of financial lending." Def.'s Mem. [19] at 5. Defendant goes on to accurately explain how various portions of the Act prohibit discrimination in employment, in public accommodations such as restaurants and hotels, or in programs receiving federal financial assistance. *Id.* at 6. The Court agrees that Plaintiff has not alleged facts suggesting Defendant violated the Civil Rights Act.

But, as mentioned, "[i]t is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor*, 296 F.3d at 378 (quotation marks omitted). Gibson is attempting to plead a case of religious discrimination in lending, even if he has not used the correct label. *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (holding that "[f]ederal pleading rules . . . do not countenance dismissal of a complaint

for imperfect statement of the legal theory supporting the claim asserted"). So he will be

allowed to seek leave to amend his complaint to state a discrimination claim.[2]

> ***Fair Credit Reporting Act (FCRA).*** Gibson alleges Defendant violated
>
> the Mississippi Credit Availability Act (MCAA) which is regulated by the Fair
> Credit Reporting Act (FCRA) which gives consumers/customers the right to full
> disclosure of files of a consumer reporting agency which was not provided within
> a reasonable amount of time giving and the right to be informed of any decision
> that may be used against consumers, additionally a licensee/lender may take as
> security any person property.

Compl. [1] at 4 (unaltered).

The FCRA "regulates the consumer reporting agencies that compile and disseminate

personal information about consumers." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 418 (2021).

Under the Act, "[e]very consumer reporting agency shall, upon request, and subject to section

1681h(a)(1) of this title, clearly and accurately disclose to the consumer . . . [a]ll information in

the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(2). The Act defines a

"consumer reporting agency" as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis,
> regularly engages in whole or in part in the practice of assembling or evaluating
> consumer credit information or other information on consumers for the purpose of
> furnishing consumer reports to third parties, and which uses any means or facility
> of interstate commerce for the purpose of preparing or furnishing consumer
> reports.

*Id.* § 1681a(f).

Defendant submits that Plaintiff has not alleged that it qualifies as a "consumer reporting

agency." Def.'s Mem. [19] at 7. Nor does he allege it "regularly engages" in assembling or

evaluating credit information to furnish reports to third parties. *Id.* The Court agrees. Indeed, it

---

[2] *See* Letter [1-1] (referencing Federal Equal Credit Opportunity Act); Mot. to Strike [20] at 4 (citing 15 U.S.C. § 1691, Equal Credit Opportunity Act); Mot. [21] at 5 (citing to Equal Credit Opportunity Act); Mot. [22] at 5 (same).

is hard to decipher what Gibson alleges Defendant did—other than deny his loan application—or how it violated the FCRA. The FCRA claim will be dismissed. But, because Plaintiff's claim under the FCRA lacks factual detail, he will be allowed to seek leave to amend.

*Mississippi Credit Availability Act (MCAA)*. As quoted above, Gibson combines the FCRA and the MCAA into one allegation. Compl. [1] at 4. Defendant says the MCCA claim should be dismissed for two reasons: (1) there is no private right of action under Mississippi Code section 75-67-629; and (2) the MCAA "does not impose any obligation to disclose consumer files to private individuals." Def.'s Mem. [19] at 8. Because Defendant's first argument is dispositive; the Court does not reach the second point.

The MCAA provides that, when the Mississippi Commissioner of Banking and Consumer Finance "has reasonable cause to believe that a person is violating any provision of this article," "the commissioner may sue in any circuit court of the state having jurisdiction and venue to enjoin the person from engaging in or continuing the violation or from doing any action in furtherance of the violation." Miss. Code Ann. § 75-67-629(3); *see id.* § 75-67-603(c) (defining commissioner). The statute does not provide a private right of action. The MCAA claim is therefore dismissed. And because this defect is incurable, leave to amend is unwarranted.

*Consumer Rights/Breach of Contract.* Gibson says he has a claim for breach of contract "regarding the [CCFM] Privacy Policy/Agreement." Compl. [1] at 4 (capitalization altered). And he asserts that "[d]ishonoring basic consumer rights due to failure to provide requested list of collateral within fourteen (14) days thus resulting in default to such contractual obligations." *Id.*

"The elements of a breach of contract are:  (1) the existence of a valid and binding contract; (2) that the defendant has broken[] or breached it; and (3) that the plaintiff has been thereby damaged monetarily."  *Favre Prop. Mgmt., LLC v. Cinque Bambini*, 863 So. 2d 1037, 1044 (Miss. Ct. App. 2004); *see* Def.'s Mem. [19] at 10.  CCFM says Gibson has not alleged "that any enforceable contract existed between himself and CCFM."  Def.'s Mem. [19] at 10. And, as Defendant points out, Gibson attached a Letter to his Complaint indicating his "application to CCFM was denied and that the parties never entered into a contract with one another."  *Id.*; *see* Letter [1-1].[3]

The Court agrees that Gibson hasn't alleged facts supporting a breach-of-contract claim. This might be incurable, but given his pro se status, he will be allowed to seek leave to amend. If he attempts to plead a breach-of-contract claim, he will need to describe the contract between himself and CCFM and is instructed to attach that contract to his proposed amended complaint.

In sum, the Court finds Defendant's motion to dismiss [18] should be granted.  Gibson may seek leave to file an amended complaint as to these claims:  (1) discrimination in lending; (2) FCRA; and (3) breach of contract.

III.    Other Motions

A.    Motion for Discovery [15]

To start, because the Court has granted Defendant's motion to dismiss, discovery is inappropriate.  But even if the motion had been denied, Gibson's request for discovery is premature.  Under Rule 26(d)(1), "[a] party may not seek discovery from any source before the

---

[3] Even assuming a contract exists that CCFM breached, it is unclear how Gibson was damaged monetarily.  He claims he suffered "[e]motional and physical damages due to oxidative stress" and seeks "relief regarding medical malpractice of two hundred million dollars."  Compl. [1] at 5.

parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The exceptions don't apply, and nothing in the record suggests that the parties have had their Rule 26(f) conference. "Without evidence of either the Rule 26(f) conference or a Rule 16 Scheduling Order, Rule 26(d)(1) generally precludes a party from seeking discovery." *Angers v. Franco*, No. 24-688, 2025 WL 50032, at *2 (E.D. La. Jan. 8, 2025).[4] Under Rules 26(d)(1) and (f), Gibson may not yet engage in discovery.[5] The motion for discovery [15] is denied.

B.      Motion to Strike [20]

Gibson labeled this filing as a "Motion to Strike/Enforce Statutory Disclosure Obligations/Compel Compliance with Due Process/Fair Procedure." Mot. to Strike [20] at 1. CCFM responded in opposition [24]. It is not apparent what filing Plaintiff seeks to strike. CCFM assumes he seeks to strike its motion to dismiss and properly argues that its motion is permitted by Rule 12(b)(6). Def.'s Resp. [24] at 1.

Gibson does expand on his claims through a section titled "Statement of Facts," Mot. to Strike [20] at 4, and "Grounds for the Motion," *id.* at 4–9. But such a motion is not the place to raise new claims, facts, or legal theories. He may include these points in his motion for leave to amend his complaint, if he chooses to file one. Plaintiff's motion [20] is denied.

---

[4] The Rule 26(f) conference should take place "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). The Court has not yet set the case for a scheduling conference.

[5] In addition to being premature, Gibson's request for discovery is procedurally improper. After the parties have their Rule 26(f) conference, the appropriate mechanism for Gibson to obtain discovery from CCFM is by serving it with discovery requests under Rules 33, 34, and 36.

C.       Motion for Partial Summary Judgment/Motion for Default Judgment [22]

Gibson titled this motion as a "Motion for Partial Summary Judgment/Default Judgment," so the Clerk properly docketed the filing as two motions. Mots. [21, 22] at 1. Because the Court finds that CCFM's motion to dismiss should be granted, partial summary judgment in Gibson's favor is inappropriate. In addition, Gibson has not met the requirements of Rule 56. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Plaintiff's motion for partial summary judgment [21] is denied.

As for the request for default judgment, Gibson neither addresses nor complies with Rule 55's requirements. *See* Fed. R. Civ. P. 55(a)–(b). The Clerk had denied Gibson's motion for clerk's entry of default [10]. *See* Jan. 6, 2026 Docket Entry [11]. In addition, the motion lacks merit because CCFM is not in default. It filed a responsive pleading—the motion to dismiss—as allowed by Rule 12(a)(4). Plaintiff's motion for default judgment [22] is denied.

C.       Motion to Supplement the Record [23]

Invoking Rule 15(d), Gibson next asks for permission to supplement the record, apparently to add a summary of the Civil Rights Act of 1964 and an abstract of an article on Oxidative Stress and the Central Nervous System. *See* Attachs. [23-1]. Rule 15(d) gives the Court authority to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," but it's not apparent that the supplementation Gibson seeks would qualify under Rule 15(d). Even if it did, Gibson's motion violates Local Rule 15, which requires a party seeking leave to file a supplemental pleading to include as an exhibit to the motion the proposed supplemental pleading. Plaintiff's motion to supplement [23] is denied.

E.    Motion for Clarification [29]

Finally, Gibson seeks "clarification and explanation regarding certain procedural aspects reflected in the dockets and upon the record, so that the Petitioner may accurately understand the basis, scope, and procedural posture" of the lawsuit. Mot. for Clarification [29] at 1. CCFM did not respond, and the time to do so has passed.

Gibson asks the Court to clarify the procedures, issues resolved, applicable standards, and "limitations, conditions, or assumptions that shall be relied upon in reaching the determination." *Id.* This Order does that. The motion [29] is therefore granted.

As explained, the Court granted Defendant's motion to dismiss but will allow Gibson to seek leave to amend his complaint as to certain claims. If he chooses to do so, he must attach a proposed amended complaint as an exhibit to his motion seeking leave to amend. CCFM may oppose that motion if it believes Gibson still fails to state a claim. Gibson may then file a reply. The standards addressed in this Order will apply when the Court determines whether Gibson's proposed amended complaint states a claim under Rule 12(b)(6).

Gibson's proposed amended complaint should both identify his claims and present the facts supporting those claims. In other words, the proposed amended complaint will need to plainly state the kind of discrimination he alleges. As for the facts, statements like Defendant discriminated "against such applicant application denying such person of their God Giving Rights of equality" is a legal conclusion that cannot be considered when deciding whether he has stated a claim. Compl. [1] at 4. Gibson's proposed amended complaint should therefore include a plain-spoken description of the facts that support his claim (i.e., what happened that made him think discrimination occurred).

11

If the Court grants his motion for leave to amend, the Court will then instruct Gibson to file an amended complaint. And if the case progresses, the Court will set a case-management conference.

III.    Conclusion

The Court has considered all arguments raised; those not addressed would not have changed the result.

For the reasons stated, CCFM's motion to dismiss [18] is granted. Gibson's claims under § 1983, the First Amendment, the Bill of Rights, the Civil Rights Act of 1964, and the MCCA are dismissed with prejudice. His claims for discrimination in lending, violation of the FCRA, and breach of contract are dismissed without prejudice.

If he chooses, Gibson may move for leave to file an amended complaint under Rule 15(a)(2) within 14 days of this Order. The motion for leave must comply with Local Rule 15, which requires Gibson to include, as an exhibit to the motion, the proposed amended complaint. *See* L. U. Civ. R. 15.

If Gibson declines to seek leave to amend his complaint, this action will be dismissed with prejudice to refiling and without further notice.

Plaintiff's motions [15, 20, 21, 22, 23] are denied; Plaintiff's motion for clarification [29] is granted.

**SO ORDERED AND ADJUDGED** this the 22nd day of April, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

12